## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| KENNETH EUGENE SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. **2:22-cv-00497-RAH** |
| | ) |
| JOHN Q. HAMM, Commissioner, | ) |
| Alabama Department of Corrections, | ) |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |

### **Defendants' Reply to Plaintiff's Rule 59(e) Motion**

COME NOW Defendants John Q. Hamm, Commissioner of the Alabama Department of Corrections, and Alabama Department of Corrections, by and through the Attorney General of Alabama, and in accordance with this Court's Order (Doc. 25), respond to Plaintiff's Rule 59(e) motion. In response to said motion, Defendants set forth the following:

**I.     Reconsideration is not Warranted.**

While Smith makes no reference to the standard for reconsideration pursuant to Rule 59(e), the Defendants note that it is a high bar. As the Eleventh Circuit has explained:

> We review the denial of a Rule 59 motion for abuse of discretion. *Drago v. Jenne,* 453 F.3d 1301, 1305 (11th Cir.2006). "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *In re Kellogg,* 197 F.3d 1116, 1119 (11th Cir.1999). "[A] Rule 59(e)

1

>motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.,* 408 F.3d 757, 763 (11th Cir.2005).

*Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). Smith has failed to clear this bar because he cites no manifest errors of law or fact. Moreover, this Court acted within its discretion.

In his motion, Smith asks this Court to "alter or amend the judgment to the extent it dismissed [his] Eighth Amendment Claim." (Doc. 24 at 1.) In so doing, he argues that this Court "misapprehen[ded]" "the nature of the Claim." *Id*. at 2. Defendants respectfully submit that this Court properly analyzed the claim and, to the extent that Smith seeks to construe his claim as a general challenge to "deviations from the protocol," (Doc. 24 at 2) his arguments are mooted by this Court's dismissal order. (Doc. 22.)

First, the complaint itself relies upon Alabama's protocol for lethal injection, which, as Smith alleges, was made public in redacted format in 2019. (Doc. 1, p. 5.) Smith has not identified any material changes to the protocol since that time. Moreover, the first execution that Smith cited in his Eighth Amendment claim that lethal injection would subject him to "torture, cruelty, or substantial pain" is the attempted execution of Doyle Lee Hamm on *February 22, 2018*. (Doc. 1, pp. 5, 16.) Smith claims that the ADOC "subjected [him] to torture, cruelty, or substantial pain" by "punctur[ing]

2

Hamm at least 11 times" in attempting to gain venous access. *Id*. at 5. Moreover, at the hearing on Defendants' motion to dismiss, Smith made it clear that his claim was a "challenge to the lethal injection protocol[.]" (Doc. 22 at 7.) Smith's arguments concerned longstanding execution practices and aspects of the protocol that he could have challenged long ago. For instance, Smith argued that his claim concerned the fact that executions in Alabama could, theoretically, last up to six hours because they could begin at 6 p.m. and run until midnight. Similarly, he argued that Alabama's protocol does not provide for time limits for gaining intravenous access and suggested that there should be a "reasonable time" limit. But, again, that is a direct attack on the long-public protocol, and as this Court correctly found, none of Smith's claims or arguments showed "a substantial change in protocol." (Doc. 22 at 8-9.)

Now, Smith attempts to reconstrue his complaint for the *third* time and argues that his challenge is not to the protocol, but to "deviations from the protocol." (Doc. 24 at 2.) Indeed, Smith argues that "ADOC's Protocol is not binding[.]" *Id.* at 3. As evidence of this he alleges a "host of deviations" but describes only two supposed deviations. *Id.* at 3. First, he suggests that Joe

3

James was "not conscious[1]" prior to being executed, but does not link that supposed "deviation" to any Eighth Amendment violation. *Id.* Second, he cites to the fact that Alabama's preparations for Alan Miller's execution – which began at a late hour due to pending litigation – were unsuccessful. *Id.* But Smith fails to acknowledge that intravenous access is not a "deviation" from Alabama's protocol, it is a necessary precondition to execution by lethal injection. To the extent that Smith could raise any conceivable claim regarding the "duration of time" for obtaining intravenous access under Alabama's protocol, such claims would be untimely for the very reason that they depend upon a protocol that has been public since 2019. Thus, "assuming *arguendo*" that Smith's cause of action accrued when the State "publicly released the protocol in 2019," Smith's August 18, 2022 complaint would be time-barred. (Doc.22 at 9.) Finally, Smith engages in rank speculation,

---

[1] In his complaint, Smith speculates that James "may" have been unconscious prior to execution, quotes press accounts "suggesting" that he was unconscious prior to the execution, quotes press accounts that ADOC did not "confirm" that James was conscious prior to execution, and states a hypothetical question "if" James was unconscious. (Doc. 1 at 2, 9, 10.) He does not allege that James was unconscious when he was asked for last words. Nor does he explain how the question of James' consciousness relates to his claim that Alabama's protocol violates the Eighth Amendment. Moreover, to the extent that Smith's speculations are based on press accounts speculating on "intramuscular sedation," ADOC's denial that it has employed such practices – coupled with this Court's order that it not do so in Smith's execution – renders the issue moot.

4

arguing that this Court should reverse its dismissal so that he can engage in discovery to determine "what other impermissible procedures ADOC *might* have used in gaining IV access on Mr. James." (Doc. 24 at 4) (emphasis added). Just as speculation would not be a proper basis for discovery, it is likewise no basis for reconsidering this Court's well-founded dismissal of Smith's claim. *Porter v. Ray*, 461 F.3d 1315, 1324 (11th Cir. 2006) ("[T]he discovery rules do not permit the appellants to go on a fishing expedition.").

Moreover, though Smith argues that this court should have construed his complaint not on its plain language – which premised the Eighth Amendment claim on "Defendant's lethal injection process" (Doc. 1 at 16) – but only as a challenge to "deviations" from the protocol his argument is ultimately futile. (Doc. 24 at 2.) In dismissing Smith's action, this Court enjoined the Defendants from conducting intramuscular sedation or "cutdown procedures" – practices that Defendant's do not employ and which are outside of its protocol. But this Court did not stop there. Rather, it ordered the Defendants to "strictly adhere to, and not deviate from, the ADOC's established lethal injection protocol during Smith's execution." (Doc. 22 at 15.) That order – which Defendants have no objection to and intend to comply with – renders any possible challenge to "deviations" from Alabama's

protocol moot. Consequently, granting Smith's motion would serve no purpose and this Court's dismissal order should remain undisturbed.

## II. This Court may Rely on the Representations of State Actors.

Citing no caselaw, Smith contends that this Court erred by relying upon the assurances offered by the Defendants and the sworn testimony of Defendant Hamm. (Doc. 24, pp. 5-6.) But Smith's argument requires an unrealistic and unworkable paradigm entirely inconsistent with the principles of federalism and comity that govern relations between federal and state governments. Indeed, Smith suggests that a federal court cannot trust that a state actor will obey *a federal court order* at all. If, indeed, that dramatic state of affairs existed, then this Court could fashion no relief for Smith in any case, because *no possible order* could be expected to obeyed. Needless to say, Defendants take great exception to Smith's premise and, in accordance with their representations, intend to follow this Court's order.

Moreover, Smith's premise is entirely contrary to Eleventh Circuit caselaw concerning mootness. In addressing cases where an action is mooted by voluntary agreement, the Eleventh Circuit has recognized that:

> "However, governmental entities and officials have been given considerably more leeway than private parties in the presumption that they are unlikely to resume illegal activities." *City of Sunrise,* 371 F.3d at 1328–29. *See also Harrison & Burrowes Bridge Constructors, Inc. v. Cuomo,* 981 F.2d 50, 59 (2d Cir.1992) ("Some deference must be accorded to a [legislative

> body's] representations that certain conduct has been discontinued."); *Ragsdale v. Turnock,* 841 F.2d 1358, 1365 (7th Cir.1988) ("[C]essation of the allegedly illegal conduct by government officials has been treated with more solicitude by the courts than similar action by private parties.").

*Seay Outdoor Advert., Inc. v. City of Mary Esther, Fla.*, 397 F.3d 943, 947 (11th Cir. 2005). Because Smith offers no legitimate grounds for this court to assume that Defendants will not obey this Court's order, he offers no basis for reconsideration.

## III. Amendment is Inappropriate at this Time.

Finally, Smith argues that this Court should reconsider and amend its order to "permit [him] to amend his complaint and replead his Eighth Amendment Claim." (Doc. 24 at 7.) This Court should reject Smith's request.

First, the State notes that in raising this argument, Smith is attempting to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (citation omitted). Smith cites to his September 19, 2022 opposition to the Defendants' motion to dismiss in which he made a bare request to replead "[i]f the Court determines that the Complaint is deficient in some respect." (Doc. 12 at 22.) Smith neither described how he would amend the complaint, nor attached a proposed amendment to his motion. *See Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999) ("A motion for leave to amend

7

should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment.") Smith now claims that unsuccessful preparations for Alan Miller's execution gave rise to "new information" that informs his proposed amendment. (Doc. 24 at 7.) But the preparations for Miller's execution took place on September 22, 2022, and this matter was not dismissed until October 16, 2022. Smith could have, but did not, present this Court with his proposed amendment prior to dismissal. Instead, he waited until October 19, three days after dismissal, and attached his proposed amendment to his Rule 59(e) motion. (Doc. 24-1.) The Eleventh Circuit has rejected similar approaches to amendment. In *My24HourNews.com, Inc. v. AT&T Corp.*, the Eleventh Circuit explained:

> Rather than file a motion for leave to amend, My24 included its request in the memorandum filed in opposition to AT&T's motion to dismiss. Even assuming that request was the functional equivalent of a motion, My24 failed to attach the proposed amendment or set forth the substance of the proposed amendment, as required by *Long*. *See id.* (rejecting a request for leave to amend for identical reasons). My24 simply requested "leave to amend to cure any defects." That is not enough, and the district court acted within its discretion by denying the embedded request for amendment.

791 F. App'x 788, 803 (11th Cir. 2019), Ultimately, Smith's arguments, including those in his motion and his proposed amendment, could have been raised "prior to the entry of judgment" and are, thus, no basis for Rule 59(e) relief. *Arthur*, 500 F.3d 1243.

8

Second, as discussed in Section I, above, beyond base speculation about what "might" have happened in prior executions, Smith points to nothing in the preparations for Miller's execution that deviated from Alabama's long-public protocol. Allegations regarding the amount of time allowed for intravenous access, the confidential nature of the preparations for executions, and the training and identities of personnel involved are not "deviations" from Alabama's protocol and Smith could raise no timely challenge to them. *See, e.g.* (Doc. 22 at 10.) Further, as discussed above, any challenge to a supposed "deviation" from protocol is mooted by this Court's order that the Defendants must "strictly adhere to" their protocol for conducting lethal injection.

## Conclusion

Consequently, premises considered, Smith's Rule 59(e) motion is due to be denied.

Respectfully submitted,

Steve Marshall,
*Attorney General*

/s/ Richard D. Anderson
Richard D. Anderson
*Assistant Attorney General*

9

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of October 2022, I electronically filed the foregoing using the CM/ECF system which will send notification of such filing to the following: **Andrew B. Johnson, Jeffrey H. Horowitz, David A. Kerschner, and Robert M. Grass.**

/s/ *Richard D. Anderson*
Richard D. Anderson
*Counsel for Defendant*

OFFICE OF ATTORNEY GENERAL
501 Washington Avenue
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Richard.Anderson@AlabamaAG.gov