IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| KENNETH EUGENE SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. **2:22-cv-00497-RAH** |
| | ) |
| JOHN Q. HAMM, Commissioner, | ) |
| Alabama Department of Corrections, | ) |
| *et al.*, | ) |
| | ) |
| Defendant. | ) |

**Defendant's Supplemental Notice Re: Prior Order (Doc. 22) and Motion for Clarification**

COMES NOW Defendant John Q. Hamm, Commissioner of the Alabama Department of Corrections (hereinafter "ADOC"), by and through the Attorney General of Alabama, and provides this Honorable Court with notice of the following:

1. This Court has ordered the Defendant to "strictly comply" with ADOC's execution protocol in carrying out Smith's lawful execution. (Doc. 22 at 15).

2. ADOC personnel communicated to the undersigned this evening that, in compliance with Section V of ADOC's pre-execution protocol, ADOC personnel attempted to arrange an examination of "the offender's veins prior to the scheduled execution." (Doc. 12-1.) The purpose

of the performing the examination prior to the execution is to that "[i]f it is determined that starting an IV through normal channels will not be possible due to poor vein structure," then a central line procedure may be employed. *Id.* While performing the vein examination "prior to the scheduled execution" is not a necessary precondition to obtaining intravenous access during the execution itself, it is provided for in the protocol.

3. ADOC personnel further communicated to the undersigned this evening that, for reasons unknown to Defendant, Smith refused to comply with the examination. Alan Eugene Miller, another inmate who refused to comply with ADOC's attempt to conduct an examination of this veins, has alleged that his refusal was based on the presence of a preliminary injunction. (*Miller v. Hamm*, Case No. 2:22-cv-0506 RAH, Doc. 85, ¶ 110.) However, no stay or injunction is in place in the present case. Due to the lateness of the hour, Defendant is unable to obtain a declaration regarding these events, but intends to supplement this notice with a sworn declaration from ADOC personnel with knowledge of the events as early as possible in the morning of November 17, 2022.

4. Defendant has attempted to comply with this Court's order to "strictly follow" the protocol, however, Defendant believes that the inability to conduct the vein examination due to Defendant's refusal to cooperate with

ADOC personnel should not be considered a violation of this Court's order. (Doc. 22.) Further, to the extent that Smith's obstruction of Defendant's efforts to examine his veins "prior to the scheduled execution" in accordance with protocol complicates the process of obtaining IV access or otherwise causes discomfort to Smith, Defendant submits that Smith's decision to obstruct ADOC personnel's examination should in no way support any cause of action or contention that Smith's execution violated this Court's order.

5.   However, in light of this Court's above-mentioned order, Defendant requests that the Court indicate whether failing to examine Smith's veins prior to his scheduled execution tomorrow would be deemed a violation of this Court's order. If so, Defendant moves this Court to be excused from compliance with Section V(B) of ADOC's protocol.

## CONCLUSION

For the reasons discussed above, requests that the Court provide notice regarding whether failure to examine Smith's veins prior to his scheduled execution based on Smith's refusal to cooperate with ADOC personnel seeking to examine his veins would be deemed a violation of this Court's order. And if the Court deems that failure to be a violation of the

Court's order, Defendants moves this Court to be excused from compliance with Section V(B) of ADOC's protocol. (Doc. 12-1.)

                                              Respectfully submitted,

                                              Steve Marshall,
                                                *Attorney General*

                                            ***/s/ Richard D. Anderson***
                                            Richard D. Anderson
                                              *Assistant Attorney General*

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of November 2022, I electronically filed the foregoing using the CM/ECF system which will send notification of such filing to the following: **Andrew B. Johnson, Jeffrey H. Horowitz, David A. Kerschner and Robert M. Grass**.

                                        */s/ Richard D. Anderson*
                                        Richard D. Anderson
                                        *Counsel for Defendant*

OFFICE OF ATTORNEY GENERAL
501 Washington Avenue
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Richard.Anderson@AlabamaAG.gov