IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KENNETH EUGENE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:22-CV-497-RAH |
| | ) | [WO] |
| JOHN Q. HAMM, Commissioner, | ) | |
| Alabama Department of Corrections, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

In 1996, a jury convicted Smith of capital murder and recommended a sentence of life of imprisonment without the possibility of parole by a 11-to-1 vote. *Smith v. State*, 908 So.2d 273, 278–79, 278 n.1 (Ala. Crim. App. 2000).  The trial judge overrode the jury's recommendation and sentenced Smith to death.  *Id.* at 278. On June 24, 2022, Alabama Attorney General Steve Marshall moved the Alabama Supreme Court to set Smith's execution date.  On September 30, 2022, the Alabama Supreme Court set Smith's execution date for November 17, 2022.

On August 18, 2022, Smith filed a Complaint pursuant to 42 U.S.C. § 1983 against Defendants John Q. Hamm, Commissioner of the Alabama Department of Corrections (ADOC), in his official capacity (Commissioner), and the ADOC,[1]

---

[1] Smith has since withdrawn his claims against the ADOC.  (Doc. 12 at 4 n.1.)

seeking declaratory and injunctive relief on the grounds that his method of execution violates the Eighth and Fourteenth Amendments. (Doc. 1.) On October 16, 2022, this Court granted the Commissioner's Motion to Dismiss (Doc. 10), concluding that Smith's claims are time-barred. (Docs. 22, 23.)

On October 19, 2022, Smith filed a motion to alter or amend the order of dismissal, along with a proposed Amended Complaint as to his Eighth Amendment claim only. (Doc. 24.) The parties also filed supplemental briefing as to whether Smith should be granted leave to file an amended complaint in this matter. (Docs. 30, 31.) On November 9, 2022, this Court denied Smith's motion, finding that although Smith's claims were not time-barred, he nevertheless failed to plead a plausible Eighth Amendment method of execution claim. (Doc. 33.)

On November 10, 2022, Smith appealed this decision to the Eleventh Circuit Court of Appeals and moved the circuit court to stay his execution pending appeal. (Doc. 34.) On November 17, 2022, the Eleventh Circuit reversed this Court's order dismissing Smith's Complaint and denying Smith's motion to alter or amend, holding that Smith plausibly alleged an Eighth Amendment claim. (Doc. 41.) At approximately 2:30 p.m. CST on November 17, Smith filed an Emergency Motion to Stay Execution by Lethal Injection in this Court. (Doc. 43.) Then, at approximately 3:30 p.m. CST, Smith filed a Motion for Preliminary Injunction seeking to enjoin the Commissioner from executing Smith by lethal injection. (Doc.

47.)  The Court held an emergency telephonic hearing on the Emergency Motion to Stay.  Upon review of the motions, the Court finds that both motions are due to be denied.

## I.     STANDARDS OF REVIEW

### A.     Emergency Motion for a Stay of Execution

While a death row inmate may challenge the constitutionality of his execution through a civil action, a stay "is not available as a matter of right," even if execution is imminent.  *Hill v. McDonough*, 547 U.S. 573, 584 (2006). Rather, "a stay of execution is an equitable remedy," and "equity must be sensitive to the State's strong interest in enforcing its criminal judgments without undue interference from the federal courts."  *Id.*; *cf. Thompson v. Wainwright*, 714 F.2d 1495, 1506 (11th Cir. 1983) ("Each delay, for its span, is a commutation of a death sentence to one of imprisonment.").  Both the State and the victims of crime "have an important interest in the timely enforcement of a sentence."  *Hill*, 547 U.S. at 584. A "death row inmate is afforded no preferential treatment by his filing of a motion to stay, and all requirements for a stay must be satisfied."  *Powell v. Thomas*, 784 F. Supp. 2d 1270, 1273 (M.D. Ala. 2011), aff'd, 641 F.3d 1255 (11th Cir. 2011).

A federal court may issue a stay of execution only if the inmate demonstrates each of the following elements: (1) he has a substantial likelihood of success on the merits; (2) he will suffer irreparable injury unless the stay issues; (3) the threatened

injury outweighs the harm the stay would cause the other litigant; and (4) if issued, the stay would not be adverse to the public interest. *Chavez v. Florida SP Warden*, 742 F.3d 1267, 1271 (11th Cir. 2014); *see also Powell v. Thomas*, 641 F.3d 1255, 1257 (11th Cir. 2011). The inmate must, "by a clear showing," carry the burden of persuasion on all four requirements. *Hill*, 547 U.S. at 584; *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam).

### B.    Motion for a Preliminary Injunction

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). The standard for granting a stay of execution to a death row inmate is the same as that for granting a temporary restraining order or preliminary injunction. *See Long v. Sec'y, Dep't of Corr.*, 924 F.3d 1171, 1176 (11th Cir. 2019). Smith is entitled to a preliminary injunction if he demonstrates (1) a substantial likelihood of success on the merits; (2) a likelihood of suffering irreparable injury without the injunction; (3) that the threatened injury to him outweighs the harm the injunction would cause the defendant; and (4) that the injunction would not be adverse to the public interest. *Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville*, 896 F.2d 1283, 1284 (11th Cir. 1990). Where, as here, "the [State] is the party opposing the preliminary injunction, its interest and harm merge with the public interest," and thus the third and fourth elements are the same. *Swain v. Junior*, 958 F.3d 1081,

1091 (11th Cir. 2020) (citing *Nken v. Holder*, 556 U.S. 418, 435 (2009)).   A preliminary injunction is "'not to be granted unless the movant clearly established the burden of persuasion' for each prong of the analysis." *Am.'s Health Ins. Plans v. Hudgens*, 742 F.3d 1319, 1329 (11th Cir. 2014) (citation omitted).   Smith, as the movant, must satisfy his burden on all four elements "by a clear showing." *Mazurek*, 520 U.S. at 972.

## II.   DISCUSSION

Smith's emergency motion for a stay of execution was filed less than four hours before his execution is scheduled to commence at 6:00 p.m. CST.   Smith argues that he has diligently pursued his claims before this Court based on the timing of his previous filings in this matter.   (Doc. 43 at 5.)   The Commissioner responds that the motion for a stay should be denied due to Smith's inexcusable delay (among other reasons), asserting that Smith could have brought his Eighth Amendment claim years ago and could have filed sought an injunction or a stay in this matter months ago.   (Doc. 45 at 13–18.)   The Court agrees with the Commissioner that Smith inexcusably delayed filing his motion for a stay and finds that the motion is due to be denied because the equities weigh against the granting of a stay.   And because the same legal standard applies to requests for a stay of execution and for a preliminary injunction, Smith's motion for a preliminary injunction is due to be denied as well.

"Last-minute stays should be the extreme exception, not the norm . . . ." *Bucklew v. Precythe*, 139 S. Ct. 1112, 1134 (2019). "Both the State and the victims of crime have an important interest in the timely enforcement of a sentence." *Hill*, 547 U.S. at 584. "A court considering a stay [of execution] must . . . apply 'a strong equitable presumption against the grant of a stay where a claim could have been brought at such a time as to allow consideration of the merits without requiring entry of a stay.'" *Id.* (citation omitted). Courts have vacated emergency motions for stays of execution filed well before the day of execution on timeliness grounds. *See, e.g.*, *Dunn v. Ray*, 139 S. Ct. 661 (2019) (vacating a stay of execution on grounds of delay when the motion was filed ten days prior to plaintiff's scheduled execution date); *Woods v. Dunn*, No. 2:20-CV-58-ECM, 2020 WL 1015763, at *20 (M.D. Ala. Mar. 2, 2020) (denying an emergency motion for a stay of execution filed ten days prior to the scheduled execution on delay grounds alone), *aff'd sub nom. Woods v. Comm'r, Ala. Dep't of Corr.*, 951 F.3d 1288 (11th Cir. 2020).

Smith waited until the afternoon of November 17, 2022—his scheduled execution date—to file his emergency motion for a stay of execution. This Court noted in *Woods* that a stay of execution could have been filed in that case more than ten days prior to the scheduled execution, including "immediately after the Alabama Supreme Court scheduled his execution," "along with his motion for summary judgment in this Court," and "immediately after the Alabama Supreme Court denied

his motion to stay." *Id.*  So too here.  Smith had many earlier opportunities to move for a stay of execution while his federal lawsuit was pending.  He could have filed a motion for a stay when he filed his Complaint with this Court on August 17, 2022, or immediately thereafter; or immediately after the Alabama Supreme Court set his execution date on September 30, 2022; or at any time while his Complaint was pending before this Court prior to the Court's dismissal on October 16, 2022; or in conjunction with his motion to alter or amend this Court's judgment, which he filed on October 19, 2022; or at any time while the motion to alter or amend was pending. Indeed, Smith's counsel represented to the Court during oral argument regarding the Commissioner's Motion to Dismiss on October 13, 2022 that he would file a motion for a preliminary injunction the following Wednesday, October 19, 2022.  (Doc. 32 at 48.)  During oral argument on the motion to stay, Smith offered no compelling justification for why he failed to file either of these motions earlier, and he identified no procedural basis why he could not have done so.  Having waited until mere hours before his scheduled execution to file his motion for a stay, the Court concludes that Smith inexcusably delayed in seeking a stay, and therefore he has not "established his entitlement to the equitable remedy of a stay of execution." *See Woods*, 951 F.3d at 1293.

The same analysis and conclusion apply to Smith's motion for a preliminary injunction.  Having waited mere hours before his scheduled execution to file his

motion for a preliminary injunction, Smith inexcusably delayed in seeking relief, and therefore he has not established his entitlement to the equitable remedy of a preliminary injunction.

### III.   CONCLUSION

Accordingly, it is hereby ORDERED that

1) Smith's *Emergency Motion to Stay Execution by Lethal Injection* (Doc. 43) is DENIED; and

2) Smith's *Motion for a Preliminary Injunction to Enjoin Defendant from Executing Mr. Smith by Lethal Injection* (Doc. 47) is DENIED.

**DONE** this the 17th day of November, 2022.

/s/ R. Austin Huffaker, Jr.
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE