# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| KENNETH EUGENE SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. **2:22-cv-00497-RAH** |
| | ) |
| JOHN Q. HAMM, Commissioner, | ) |
| Alabama Department of Corrections, | ) |
| *et al.*, | ) |
| | ) |
| Defendant. | ) |

## Response to Order

COMES NOW Defendant John Q. Hamm, Commissioner of the Alabama Department of Corrections (hereinafter "ADOC"), by and through the Attorney General of Alabama, and, in response to this Court's order (Doc. 59), sets forth the following:

1.  Defendant does not object to an order regarding preservation of evidence substantially similar to that issued in *Miller v. Hamm*, 2:22-cv-506. Indeed, immediately after the termination of preparations for Mr. Smith's execution last night, undersigned counsel advised ADOC legal staff and ADOC personnel to preserve and sequester all evidence regarding the preparations for the execution. Undersigned counsel's advice was accepted by ADOC legal and conveyed to the Holman Warden.

1

2.   Defendant does not generally object to an order, similar to that issued in *Miller*, addressing attorney and/or physician access to Smith. Indeed, undersigned counsel is given to understand by ADOC legal that Smith's counsel is, at time of writing, visiting with Smith. Further, undersigned counsel has contacted Smith's counsel to seek proposed times for further visitation or physician access similar to that in *Miller* and has contacted ADOC legal regarding the logistics arranging such visits. Undersigned counsel has been informed by ADOC legal of the following:

> - "The facility can make the warden's conference room available for use by Smith's attorneys from 7:30 – 9:30 a.m. on Saturday morning, from 2:30 - 5 p.m. on Saturday afternoon, and from 2:30 – 5 p.m. on Sunday afternoon."

As was the case in *Miller* security arrangements require the presence of a corrections officer or other ADOC personnel during any non-attorney visit, including a physician visit/examination.

3.   On the subject of photography, Defendant does not object to reasonable photography of Smith, subject to security arrangements. As in *Miller*, Defendant would request that ADOC facility personnel be permitted to view any photographs taken for security concerns. Undersigned counsel will advise ADOC legal counsel that all reasonable efforts should be made to accommodate Smith's counsel, subject to the security concerns attendant to any high security prison. Additionally, as in the *Miller* case, ADOC

regulations require that any medical equipment and devices be disclosed to and approved by ADOC legal counsel prior to the time of the visit.

    Respectfully submitted,

    Steve Marshall,
*Attorney General*

**/s/ Richard D. Anderson**
Richard D. Anderson
*Assistant Attorney General*

regulations require that any medical equipment and devices be disclosed to and approved by ADOC legal counsel prior to the time of the visit.

    Respectfully submitted,

    Steve Marshall,
*Attorney General*

**/s/ Richard D. Anderson**
Richard D. Anderson
*Assistant Attorney General*

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of November 2022, I electronically filed the foregoing using the CM/ECF system which will send notification of such filing to the following: **Andrew B. Johnson, Jeffrey H. Horowitz, David A. Kerschner and Robert M. Grass**.

/s/ *Richard D. Anderson*
Richard D. Anderson
*Assistant Attorney General*
*Counsel for Defendant*

OFFICE OF ATTORNEY GENERAL
501 Washington Avenue
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Richard.Anderson@AlabamaAG.gov