IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| KENNETH EUGENE SMITH,              ) | |
|                                                        ) | Case No. 2:22-cv-00497 |
|             Plaintiff,                           ) | |
|                                                        ) | CAPITAL CASE |
| v.                                                  ) | |
|                                                        ) | |
| JOHN Q. HAMM, et al.,                ) | |
|                                                        ) | |
|             Defendants.                      ) | |

### PLAINTIFF KENNETH EUGENE SMITH'S MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS UNDER FEDERAL RULE OF CIVIL PROCEDURE 37(a)

Plaintiff Kenneth Eugene Smith submits this motion to compel responses to discovery requests under Federal Rule of Civil Procedure 37(a).

Mr. Smith has had no discovery since commencing this action six months ago in August 2022. Defendants have refused to respond to requests for the production of documents and to interrogatories that Mr. Smith served more than two months ago. Most recently, Defendants moved to dismiss Mr. Smith's Second Amended Complaint ("SAC"), Doc. 78, even though the Eleventh Circuit found that a previous incarnation of Mr. Smith's "complaint states a plausible claim for relief that was brought within the statute of limitations." Doc. 41 at 15.[1]

Mr. Smith urgently needs discovery in this case. Mr. Smith is under a death sentence. Defendants have attempted once, but failed, to execute him. Although the Governor announced a temporary stay of executions pending a review of the lethal injection procedures used by the Alabama Department of Corrections ("ADOC"), Mr. Smith has no window into that process and no control over when it might end or whether it will produce any meaningful change to protect

---

[1] Mr. Smith will respond to Defendants' motion per the Court's scheduling order. *See* Doc. 79.

1

him from a repeat of the cruel and unusual treatment he received in November. Only last week, Commissioner Hamm represented that "a review of the state's execution procedures should be completed probably within the next month." Kim Chandler, *Alabama 'Close' to Finishing Nitrogen Execution Protocol*, AP News (Feb. 15, 2023), https://apnews.com/article/crime-alabama-5818261f3209a332bb4badf280960ca1.

Once ADOC completes its review, we anticipate that Defendants will move to set another execution date for Mr. Smith and effectively moot this litigation before Mr. Smith has an opportunity for discovery, including an opportunity to identify all the Defendants who participated in the misconduct described in the SAC. At a minimum, moving to set another execution date would disrupt any orderly schedule for resolution of Mr. Smith's claims, leave Mr. Smith scrambling to obtain relevant information, and significantly constrain the time for this Court and any appellate court, if appropriate, to resolve Mr. Smith's claims. The Court should not permit Defendants to evade their discovery obligations and to invite those outcomes by delaying discovery until a litigation crisis—that is of Defendants' own making and under Defendants' exclusive control—ensues.

Under similar circumstances, after ADOC tried, but failed, to execute Alan Eugene Miller, this Court found "good cause for some expedited discovery" in his then-pending litigation. *Miller v. Hamm*, No. 2:22-cv-506, 2022 WL 12029102, at *2 (M.D. Ala. Oct. 20, 2022). The Court should reach the same result here.

For those reasons as more fully described below, the Court should order Defendants to provide full, complete, and prompt responses to Mr. Smith's discovery requests.

## BACKGROUND

Mr. Smith filed his complaint on August 18, 2022. Doc. 1. This Court dismissed Mr. Smith's complaint on October 16. Doc. 22. At the same time, the Court denied Mr. Smith's motion for a scheduling order and expedited discovery as moot. Doc. 23. On November 9, the Court denied Mr. Smith's motion to alter or amend the judgment, including for leave to file an amended complaint. Doc. 33. On November 17, the Eleventh Circuit reversed, "find[ing] that Smith's proposed amended complaint states a plausible claim for relief that was brought within the statute of limitations." Doc. 41 at 15. After the Supreme Court vacated a stay of execution entered by the Eleventh Circuit, Defendants attempted, but failed, to execute Mr. Smith, causing him severe and ongoing physical and emotional distress as described in the SAC.

On November 17, after the Eleventh Circuit issued its decision, Mr. Smith filed his amended complaint. Doc. 48. Two weeks later, on December 2, Mr. Smith served requests for the production of documents and interrogatories on Defendant Hamm (attached as Exhibits 1 and 2).[2] On December 6, with leave of this Court, Mr. Smith filed the SAC, which added allegations concerning ADOC's attempt to execute him on November 17 and added Defendants who participated in his attempted execution.

On January 10, 2023, having received no response to the discovery requests, Mr. Smith's counsel asked Defendants' counsel when they would respond. *See* E-mail from A. Johnson to R. Anderson and others, dated January 10, 2013 (attached as Exhibit 3).[3] Defendants' counsel responded the following day that "[i]t is our position that discovery has not begun in this case"

---

[2] Thus, Defendants are simply wrong when they state in their motion to dismiss that "there was no operative complaint" when Mr. Smith served his discovery requests. Doc. 78 at 7.

[3] Exhibit 3 is an email string that includes multiple emails.

because "under Rule 26(d), discovery is generally improper before a Rule 26(f) conference without consent or leave of court." E-mail from R. Anderson to A. Johnson and others, dated January 11, 2022 (attached as Exhibit 3). Counsel also stated that "it is our position that discovery is unnecessary at this time and would be unduly burdensome on our clients" because "[w]e have not yet responded to the operative complaint and we have a petition pending at the United States Supreme Court," and "there is no longer any execution date pending and the State has not requested a new execution date for your client." *Id.*

On January 16, Mr. Smith's counsel conveyed that "[w]e disagree with your interpretation of Rule 26(d)" because actions, including "a petition for habeas corpus or any other proceeding to challenge a criminal conviction or sentence" are exempt from the requirement that discovery must await a Rule 26(f) conference and "this action challenges Mr. Smith's sentence." E-mail from A. Johnson to R. Anderson and others, dated January 16, 2023 (attached as Exhibit 3). Counsel invited Defendants' counsel to "let us know" "[i]f you are aware of any case law to the contrary." In addition, counsel rejected Defendants' "contention that discovery is unnecessary" and each of the bases on which that contention was based. *Id.* Counsel concluded by reiterating Mr. Smith's "position that Commissioner Hamm's responses to the discovery requests are overdue and request[ing] you let us know when we can expect them." *Id.*

On February 14, having still received no response to the discovery requests and having heard nothing further from Defendants on the subject, Mr. Smith's counsel asked Defendants' counsel to "let me know if you will reconsider your position on the overdue discovery responses by the end of the day on Thursday (2/16)." E-mail from A. Johnson to R. Anderson and others,

4

dated February 14, 2023 (attached as Exhibit 3)  The following day, Defendants' counsel reiterated their position that "discovery is generally improper before a Rule 26(f) conference." E-mail from T. Wilson to A. Johnson and others, dated February 15, 2023 (attached as Exhibit 3).  Pursuant to the local rules, counsel conferred by telephone prior to filing this motion and agreed that they are at an impasse regarding this issue.

## LEGAL STANDARD

Rule 37 permits a party to move to compel a response, among other reasons, when "a party fails to answer an interrogatory submitted under Rule 33" or "fails to produce documents . . . as requested under Rule 34."  Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv); *see Martin v. Ward*, No. 1:18-CV-4617-MLB, 2021 WL 1186749, at *2 (N.D. Ga. Mar. 30, 2021) ("if one party does not comply with discovery requests, the opposing party may seek a motion to compel").  It is well-settled "that a motion to compel discovery is committed to the discretion of the trial court...." *Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984).

## ARGUMENT

**A.      Even if Rule 26 applied, the Court should order discovery before a Rule 26(f) conference in this case for good cause.**

Even if this case were not exempt from the requirements of Rule 26 (and it is), the Court should compel Defendants to respond to Mr. Smith's discovery requests.  "This Court has 'broad discretion' in the scheduling of discovery." *Miller*, 2022 WL 12029102, at *2 (quoting *Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001)).  In particular, district courts can order discovery before a Rule 26(f) conference where the party seeking discovery establishes "good cause." *Id.* (citations omitted).  "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the

5

prejudice to the responding party." *Tracfone Wireless, Inc. v. Supply Chain LLC*, 330 F.R.D. 613, 615 (S.D. Fla. 2019).  There is good cause to order discovery here.

Mr. Smith is under a death sentence.  Thus, "[t]ime is of the essence" for Mr. Smith who, without discovery, is likely to suffer the most severe form of irreparable harm.  *See, e.g., Miller*, 2022 WL 12029102, at *2 ("'time is of the essence' for Miller in this case" given the State's then-pending motion for a new execution date); *Reeves v. Dunn*, No. 2:20-CV-027-RAH, 2021 WL 8316642, at *1 (M.D. Ala. Nov. 24, 2021) (making a similar observation and finding that expedited discovery was warranted due to approaching execution date); *Tracfone Wireless, Inc.*, 304 F.R.D. at 673-74 (finding that expedited discovery was warranted to mitigate irreparable harm); *United States v. Mayer*, 2003 WL 1950079, at *1-2 (M.D. Fla. Feb. 20, 2003) (ordering expedited civil discovery due to the risk of irreparable injury).  While Defendants contend that "there is no longer any execution date pending and the State has not requested a new execution date for" Mr. Smith, Exhibit 3, that does not reduce the urgency for discovery in this action because the decision to seek another execution date for Mr. Smith is in Defendants' exclusive control.

Indeed, as noted above, Commissioner Hamm recently stated that "a review of the state's execution procedures should be completed probably within the next month."  Kim Chandler, *Alabama 'Close' to Finishing Nitrogen Execution Protocol*, AP News (Feb. 15, 2023), https://apnews.com/article/crime-alabama-5818261f3209a332bb4badf280960ca1.  After ADOC completes that review, Defendants may seek another execution date for Mr. Smith and there is good reason to believe that Defendants will do so.  In a press conference in December, Alabama Attorney General Marshall urged the need for the review "to be expedited and done quickly" so

6

that he can move to set new execution dates.  Erin Wise, *Alabama Attorney General Addresses Status of Executions After Governor's Order for Review*, ABC 33/40 News (Dec. 5, 2022), https://abc3340.com/news/local/alabama-attorney-general-addresses-status-of-executions-in-the-state.  There is no indication that Defendants intend to respond to discovery before then.  And there is no reason to wait for discovery to begin when the parties can anticipate the urgency that Defendants' decision to seek another execution date for Mr. Smith would create.

On the other hand, responding to discovery requests that Mr. Smith served on Defendants more than two months ago would not prejudice them.  As in *Miller*, "[t]he requested discovery seeks information easily within Defendants' control, and the requests are 'reasonably focused' and reasonable in number, thereby minimizing the burden," focusing primarily on a "discrete, narrow window of time: the day of [Mr. Smith's] attempted execution" and the day of the attempted execution of Mr. Miller and the botched execution of Joe Nathan James.  *Miller*, 2022 WL 12029102, at *3 (citation omitted); *see also Merial LLC v. Fidopharm, Inc.*, No. 1:13-CV-1207-SCJ, 2013 WL 12072140, at *1 (N.D. Ga. May 22, 2013) (expedited discovery "will not overburden or unduly prejudice Defendants, as information sought is within their control and the scope of discovery is reasonably focused").

What is more, as in *Miller*, Defendants already are under a preservation order that this Court issued on November 18, 2022.  *See* Doc. 62.  That order requires, among other things:

> (4) ADOC counsel shall make immediate efforts to locate and preserve evidence concerning the attempted execution, including but not limited to notes, emails, texts, and used medical supplies such as syringes, swabs, scalpels, and IV-lines;
>
> (5) Commissioner Hamm, Warden Raybon, and any and all ADOC officials involved in the execution shall preserve all notes, emails, and texts concerning

7

>   the execution, including those made and/or exchanged before (starting at 6 PM, November 17, 2022), during, and after the attempted execution; and
>
>   (6) ADOC shall preserve any records related to any medical observation, inspection, charting, and/or treatment of the Plaintiff both before and after the attempted execution.

*Id.* at 2–3.

Assuming that Defendants have complied with the preservation order, it should not be burdensome to respond to Mr. Smith's document requests. Nor should it be burdensome for Defendants to respond to Mr. Smith's interrogatories, including to identify the people who participated in and otherwise observed events during ADOC's failed attempt to execute Mr. Smith in November. As this Court observed in *Miller* given the preservation order there, "the Defendants will not (or at least should not) be starting from square one in gathering the information needed to respond to those requests." *Miller*, 2022 WL 12029102, at *3. And, as Mr. Smith's counsel already has observed, any concerns that Defendants have about public disclosure of the identities of people participating in or other information about its execution processes can be addressed in an appropriate protective order. *See* Doc. 32 at 47:10–13 ("And as we indicated in our motion, we're certainly willing to enter into a — or be subject to a protective order to the extent that the Department has concerns about disclosing identities or other information publicly.").

Six months already have passed since Mr. Smith filed his complaint and more than two months have passed since Mr. Smith served Defendants with discovery requests. As in *Miller*, the Court should compel Defendants to respond to Mr. Smith's discovery requests before a Rule 26(f) conference.

### B. There is no other reason to stay discovery.

In Defendants' first email about discovery, they claimed that discovery was "unnecessary at this time" for a variety of reasons, including that it would be "unduly burdensome," they had "not yet responded to the operative complaint," and they have "a petition pending at the United States Supreme Court." Email from R. Anderson to A. Johnson and others, dated January 11, 2023 (attached as Ex. 3). None of those reasons warrant delaying discovery in this case.

The burden is on Defendants to seek a stay of discovery or a protective order. Neither the pendency of a petition before the Supreme Court nor Defendants' motion to dismiss automatically results in a stay. *See Wilson v. Everbank*, No. 14-CV-22264, 2014 WL 12774848, at *2 (S.D. Fla. Nov. 18, 2015) ("[Defendant's] motion to dismiss alone does not counsel in favor of staying discovery here."). Defendants have not moved for a stay of discovery. And this Court held that the Defendants then-pending motions to dismiss in *Miller* "do not undermine the good cause for expedited discovery in this case," although the court concluded that they "counsel in favor of a staggered approach," requiring Defendants to respond to certain of the requests while the motion was pending and to "begin gathering the information needed" to respond to the other requests and to respond to them within 48 hours if the Court denied the motion to dismiss. *Miller*, 2022 WL12029102, at *4–5.

Even if Defendants had moved for a stay, they would not be entitled to one. A party seeking a stay of discovery is required to make a "specific showing" supported by "relevant evidence" that the discovery requests "represent a substantial burden." *Wilson,* 2014 WL 12774848, at *3. "The party resisting discovery bears the burden of showing specifically how the objected-to request is unreasonable or otherwise unduly burdensome." *Rhodes v. JLG Indus.,*

Inc., No. 1:13-CV-0872, 2015 WL 11199066, at *2 (N.D. Ga. Apr. 30, 2015) (internal quotation marks omitted). Thus, in *Miller*, the Court permitted Defendants "to make appropriate objections to [the] requests," but warned that "[f]rivolous, conclusory, general, meritless, or boilerplate objections will not be tolerated." *Miller*, 2022 WL 12029102, at *4; *see also Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985) (Rule 26 objections must be sufficiently specific and involve more than a mere conclusory "recitation of expense and burdensomeness.").

Defendants have not made (and cannot make) any such showing. They have offered only the conclusory statement that discovery would be "unduly burdensome" without explanation specific to any request served on them, and that discovery is effectively stayed. Defendants have not specifically responded to Mr. Smith's counsel's offer "to meet and confer with [them] in a good faith effort to resolve" any "objections to specific discovery requests" if they had any. Email from A. Johnson to R. Anderson and others, dated Jan. 16, 2023 (attached as Ex. 3).

### C. This action is exempt from Rule 26 requirements regarding the timing of discovery.

Rule 26 exempts from initial disclosures and the requirement that a Rule 26(f) conference should precede discovery "a petition for habeas corpus *or any other proceeding to challenge a criminal conviction or sentence*." Fed. R. Civ. P. 26(a)(1)(B)(iii) (emphasis added); *see also* Fed. R. Civ. P. 26(d)(1), (f)(1). Significantly, the Advisory Committee Notes to Rule 26 state that "[t]he descriptions in this rule are generic and are intended to be administered by the parties—and, when needed, the courts—with the flexibility needed to adapt to gradual evolution in the types of proceedings that fall within these general categories." Fed. R. Civ. P. 26 advisory committee's note to 2000 amendment. By any ordinary use of the term, this action involves "a

proceeding to challenge [Mr. Smith's] . . . sentence." In this action, Mr. Smith seeks, among other things, to prevent Defendants from making a second attempt to execute him by lethal injection.

Treating the language in Rule 26 as coextensive with case law determining the proper procedural vehicle for certain prisoner challenges, Defendants contend that "an action that 'challenges Mr. Smith's sentence' is a habeas action" and that Rule 26(a)(1)(B)(iii) does not apply because Mr. Smith brings this action under 42 U.S.C. § 1983—and not under habeas corpus rules and procedures. Email from T. Wilson to A. Johnson and others, dated February 15, 2023 (attached as Exhibit 3). But under Defendants' construction, the language in Rule 26 exempting "*any other proceeding* to challenge a criminal conviction or sentence" (emphasis added) becomes meaningless because Defendants contend that any such challenge is a habeas action, which is itself expressly exempted from Rule 26 requirements. That construction renders the language superfluous and violates the "'cardinal principle of statutory construction' that 'a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.'" *TRW, Inc. v. Andrews*, 534 U.S. 19, 31 (2001) (citations omitted).

Moreover, *Nance v. Ward*, the Supreme Court case on which Defendants rely, acknowledges that a proceeding to "challenge a criminal . . . sentence" fits the literal definition of a § 1983 claim. 142 S. Ct. 2214, 2221 (2022). For purposes of determining the proper procedural vehicle for asserting a claim, the Court nevertheless distinguishes between habeas claims and § 1983 claims so that prisoners cannot avoid the procedural requirements that govern habeas petitions. *See*, *e.g.*, 28 U.S.C. § 2254. As the Supreme Court explained:

> Read literally, that language [of § 1983] would apply to all of a prisoner's constitutional claims, thus swamping the habeas statute's coverage of claims that the prisoner is "in custody in violation of the Constitution." So we have not read § 1983 literally in the prisoner context. To the contrary, we have insisted that § 1983 contains an "implicit exception" for actions that lie "within the core of habeas corpus."

*Nance*, 142 S. Ct. at 2221.

For that reason, the Supreme Court distinguished between claims that "challenge the validity of the conviction or sentence," which prisoners must bring in habeas petitions, and method-of-execution claims, which prisoners can bring in § 1983 actions. *Id.* But there is no basis to incorporate that holding into Rule 26. Nothing in *Nance* suggests that a proceeding to challenge the method used to implement an execution falls outside the Rule 26 exemption for a "proceeding to challenge a criminal . . . sentence." Accordingly, the Court should order Defendants to respond to the discovery requests, which Mr. Smith served more than two months ago.

## CONCLUSION

For the foregoing reasons, this Court should grant Mr. Smith's motion to compel responses to his discovery requests under Federal Rule of Civil Procedure 37(a).

        */s/ Andrew B. Johnson*
        Andrew B. Johnson (ASB: 8504-r76j)
        BRADLEY ARANT BOULT CUMMMINGS LLP
        1819 Fifth Avenue North
        Birmingham, Alabama 35203
        (205) 521-8000
        ajohnson@bradley.com

        Jeffrey H. Horowitz (NY Bar No. 3949070)
        David A. Kerschner (NY Bar No. 5126420)
        Robert M. Grass (NY Bar No. 2501278)
        ARNOLD & PORTER KAYE SCHOLER LLP
        250 West 55th Street

        New York, New York 10019-9710
        (212) 836-8000
        jeffrey.horowitz@arnoldporter.com
        david.kerschner@arnoldporter.com
        robert.grass@arnoldporter.com

        Angelique Ciliberti (ASB: 1504-T44C)
        ARNOLD & PORTER KAYE SCHOLER LLP
        601 Massachusetts Ave, NW
        Washington, DC 20001-3743
        (202) 942-5000
        angelique.ciliberti@arnoldporter.com

        *Attorneys for Plaintiff Kenneth Eugene Smith*

## CERTIFICATION PURSUANT TO RULE 37

Pursuant to Federal Rule of Civil Procedure 37(a)(1), I certify that counsel for Mr. Smith has conferred with Defendants' counsel in a good faith effort to resolve the issue presented in this discovery motion without Court intervention.

        */s/ Andrew B. Johnson*
        Of Counsel

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2023, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification to the following:

Richard D. Anderson
A. Reid Harris
Assistant Attorney General
Office of the Attorney General
Capital Litigation Division
501 Washington Avenue
Montgomery, AL 36130
Richard.Anderson@AlabamaAG.gov
Reid.Harris@AlabamaAG.gov

Thomas A. Wilson
Deputy Solicitor General
Office of the Attorney General
501 Washington Avenue
Montgomery, AL 36130
Thomas.Wilson@AlabamaAG.gov

*Attorneys for Defendants*

                                              */s/ Andrew B. Johnson*
                                                       Of Counsel