# EXHIBIT 3

# Southern, Becky

| | |
|---|---|
| **From:** | Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov> |
| **Sent:** | Wednesday, February 15, 2023 12:16 PM |
| **To:** | Johnson, Andy; Anderson, Richard |
| **Cc:** | McCarthy, Thomas (DOC); Harris, Reid |
| **Subject:** | RE: 2:22-cv-00497-RAH Smith v. Hamm - written discovery to defendants |

**CAUTION - EXTERNAL EMAIL**

Andy,

Thank you for your email. We maintain our position that there are no "overdue discovery responses" because, as we previously noted, discovery is generally improper before a Rule 26(f) conference. And we still think discovery is unnecessary at this time and would be unduly burdensome.

By our reading, the Rule 26(d) exemptions you point to do not help justify discovery. To avail yourself of the exemption you cite, you have characterized your case as an "action challeng[ing] Mr. Smith's sentence." For all the reasons that we discussed in our Motion to Dismiss and that the Supreme Court explained in *Nance v. Ward*, 142 S. Ct. 2214 (2022)—and as the exemption you cite expressly suggests—an action that "challenges Mr. Smith's sentence" is a habeas action.

A prisoner is not automatically entitled to discovery in a federal habeas action. Rather, under Rule 6 of the habeas rules the prisoner must receive leave of court through a showing of good cause for discovery. We do not believe you have sought to comply with this rule yet, but please let us know if we are mistaken.

Because Mr. Smith unsuccessfully sought habeas relief in a previous action, this action is a second or successive petition. And "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. §2244(b)(3)(A). We do not believe you have sought to comply with this rule either, but, again, please let us know if we are mistaken.

Moreover, a prisoner's habeas petition "shall not be granted" unless the applicant "has exhausted the remedies available in the courts of the State." 28 U.S.C. §2244(b)(1)(A). As far as we are aware you have not filed any action in "the courts of the State." But, once again, please let us know if we are mistaken.

So, to the extent this action is as you characterize it, you do not appear to have complied with any of the statutory requirements necessary to bringing the action or pursuing discovery.

Thanks again for your emails. Happy to discuss further at your convenience.

Best,

**From:** Johnson, Andy <AJohnson@bradley.com>
**Sent:** Tuesday, February 14, 2023 3:43 PM
**To:** Anderson, Richard <Richard.Anderson@AlabamaAG.gov>
**Cc:** Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; McCarthy, Thomas (DOC)

1

<thomas.mccarthy@doc.alabama.gov>
**Subject:** RE: 2:22-cv-00497-RAH Smith v. Hamm - written discovery to defendants

> This message has originated from an **External Source**. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email.

Rich –

I do not believe you responded to my email below.  Please let me know if you will reconsider your position on the overdue discovery responses by the end of the day on Thursday (2/16).  Otherwise, we will seek the Court's intervention on this issue.

Thank you -

Andy

**Andrew B. Johnson**
Partner | Bradley
ajohnson@bradley.com
d: 205.521.8295

---

**From:** Johnson, Andy <AJohnson@bradley.com>
**Sent:** Monday, January 16, 2023 9:01 AM
**To:** Anderson, Richard <Richard.Anderson@AlabamaAG.gov>
**Cc:** Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; McCarthy, Thomas (DOC) <thomas.mccarthy@doc.alabama.gov>
**Subject:** RE: 2:22-cv-00497-RAH Smith v. Hamm - written discovery to defendants

Rich –

Thanks for getting back to me.

We disagree with your interpretation of Rule 26(d).  That Rule expressly exempts from its provisions "a proceeding exempted from initial disclosure under Rule 26(a)(1)(B)."  Rule 26(a)(1()(B)(iii), in turn, exempts "a petition for habeas corpus or any other proceeding to challenge a criminal conviction or sentence."  As this action challenges Mr. Smith's sentence, it is not subject to Rule 26(d).  If you are aware of any case law to the contrary, will you please let us know so that we can consider it?

We also disagree with your contention that discovery is unnecessary.  Mr. Smith filed his action on August 18—nearly five months ago.  Commissioner Hamm has been a named defendant from the outset.  On November 17—nearly two months ago—the Eleventh Circuit ruled that Mr. Smith's proposed amended complaint served on October 19 plausibly alleged a claim under 42 U.S.C. § 1983 for a violation of Mr. Smith's Eighth Amendment rights as applicable through the Fourteenth Amendment.  That Mr. Smith subsequently filed a Second Amended Complaint adding defendants and allegations about their actions and conduct when ADOC attempted to execute him on November 17 does not warrant any additional delay in this action.

Our agreement that all the defendants could respond to the Second Amended Complaint jointly on February 6 did not relate to the pending discovery and does not excuse Commissioner Hamm (who was already a defendant when the discovery requests were served) from responding to the discovery requests.  We suspect that most, if not all, of the

requested information is in his possession, custody, or control.  We are obviously amenable to a separate date for the responses of the recently added defendants and if there is additional responsive information in their possession, custody, or control, they can produce it then.

The decision to seek interlocutory review in the Supreme Court should not be a basis for delay.  We disagree that the petition has any merit or will be accepted by the Supreme Court, and there is no way to know what the Supreme Court will do or the timeline on which it will do it.  Moreover, discovery will be necessary regardless of the outcome in the Supreme Court.  Our allegation of a feasible alternative to lethal injection is based on settled Eleventh Circuit law.  If the Supreme Court mandates a change in that law (which we don't concede it should), we would be entitled to amend the complaint to conform to any such holding.  There are also new allegations in the amended complaint relating to the attempted execution on November 17 that are not subject to your petition for cert.

Finally, we disagree with your wholesale and general objection that responding to the discovery requests would be unduly burdensome.  If you have objections to specific discovery requests, we will meet and confer with you in a good faith effort to resolve them.

In the meantime, it remains our position that Commissioner Hamm's responses to the discovery requests are overdue and request that you let us know when we can expect them.

Thanks, and feel free to give me a call if you would like to discuss further.

Andy

**Andrew B. Johnson**
Partner | Bradley
ajohnson@bradley.com
d: 205.521.8295

---

**From:** Anderson, Richard <Richard.Anderson@AlabamaAG.gov>
**Sent:** Wednesday, January 11, 2023 9:05 AM
**To:** Johnson, Andy <AJohnson@bradley.com>
**Cc:** Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; McCarthy, Thomas (DOC) <thomas.mccarthy@doc.alabama.gov>
**Subject:** RE: 2:22-cv-00497-RAH Smith v. Hamm - written discovery to defendants

**CAUTION - EXTERNAL EMAIL**

Andy

Thank you for following up. It is our position that discovery has not begun in this case. Our understanding is that under Rule 26(d), discovery is generally improper before a Rule 26(f) conference without consent or leave of court. And while Rule 26(d)(2) contemplates early requests under Rule 34, even those requests are not considered "served" until a Rule 26(f) conference occurs. Please let us know if we misunderstand the rule.

More broadly, it is our position that discovery is unnecessary at this time and would be unduly burdensome on our clients. We have not yet responded to the operative complaint and we have a petition pending at the United States Supreme Court. Moreover, there is no longer any execution date pending and the State has not requested a new execution date for your client. Consequently, there is no present need for urgency that would warrant expedited discovery.

Thanks,

Richard D. Anderson
Capital Litigation Division
Office of the Attorney General
State of Alabama
501 Washington Ave.
Montgomery, AL  36130
(334) 353-2021

Confidentiality Notice:  The information contained in this email and the documents attached hereto contain confidential information intended only for the use of the intended recipients.  If the reader of the message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of the information contained herein is strictly prohibited.  If you have received this communication in error, please immediately notify me by reply email.

---

**From:** Johnson, Andy <AJohnson@bradley.com>
**Sent:** Tuesday, January 10, 2023 9:29 AM
**To:** Anderson, Richard <Richard.Anderson@AlabamaAG.gov>; McCarthy, Thomas (DOC) <thomas.mccarthy@doc.alabama.gov>
**Cc:** Robert M. Grass (robert.grass@arnoldporter.com) <robert.grass@arnoldporter.com>
**Subject:** FW: 2:22-cv-00497-RAH Smith v. Hamm - written discovery to defendants

> This message has originated from an **External Source**. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email.

Counsel –

Defendant's responses to the attached discovery are now overdue.  Please let us know when we can expect to receive responses.

Thanks –

Andy

**Andrew B. Johnson**
Partner | Bradley
ajohnson@bradley.com
d: 205.521.8295

4

**From:** Johnson, Andy <AJohnson@bradley.com>
**Sent:** Friday, December 2, 2022 4:24 PM
**To:** Anderson, Richard <Richard.Anderson@AlabamaAG.gov>; McCarthy, Thomas (DOC) <thomas.mccarthy@doc.alabama.gov>
**Cc:** Robert M. Grass (robert.grass@arnoldporter.com) <robert.grass@arnoldporter.com>
**Subject:** 2:22-cv-00497-RAH Smith v. Hamm - written discovery to defendants

Counsel –

Please see attached.

Have a good weekend,

Andy

**Andrew B. Johnson**
Partner
e: ajohnson@bradley.com  w: bradley.com
d: 205.521.8295  m: 205.447.4962
Bradley Arant Boult Cummings LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119

LinkedIn | Facebook | Twitter | Instagram | Blogs | My Bio

Confidentiality Notice: This e-mail is from a law firm and may be protected by the attorney-client or work product privileges. If you have received this message in error, please notify the sender by replying to this e-mail and then delete it from your computer.

Confidentiality Notice: The information contained in this email and the documents attached hereto contain confidential information intended only for the use of the intended recipients. If the reader of the message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of the information contained herein is strictly prohibited. If you have received this communication in error, please immediately notify me by reply email.