IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| KENNETH EUGENE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:22-cv-00497 |
| | ) | |
| v. | ) | CAPITAL CASE |
| | ) | |
| JOHN Q. HAMM, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### DEFENDANTS' RESPONSE TO MOTION TO COMPEL

Smith's "Motion to Compel Responses to Discovery Requests" (Doc. 80) is a paradigmatic example of putting the cart before the horse. Smith seeks this Court's intervention to compel discovery responses before discovery has begun—in fact, before Defendants have even filed an Answer. Indeed, a dispositive motion (including assertions of qualified and sovereign immunity related to past conduct) remains pending in this Court. Nonetheless, Smith seeks to leap over numerous procedural hurdles and seeks discovery to which he is not entitled. For the reasons set forth below, this Court should not let him do so.

**I.    Smith's Motion to Compel is Improper Because Discovery Has Not Begun.**

As an initial matter, Smith's motion to compel is facially improper because discovery has not begun. "A party may not seek discovery from any

1

source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B)." Fed. R. Civ. P. 26(d); *see also* GUIDELINES TO CIVIL DISCOVERY PRACTICE IN THE MIDDLE DISTRICT OF ALABAMA, § I(F) ("Federal Rule 26(b) requires that no discovery be commenced until after the parties' Rule 26(f) Planning Meeting, or when otherwise authorized by the Court or the Federal Rules."). Because discovery has not begun, there has not been effective service for any of Smith's purported discovery requests.[1] Accordingly, no discovery is due and there is nothing that could be compelled at this time.

  To be sure, Smith also seems to argue that discovery should be expedited such that certain discovery could occur without a Rule 26(f) conference. Doc. 80 at 5-9. That argument is addressed below. But it is important to recognize that Smith now seeks expedited discovery, and it is Smith's burden to show that such expedited discovery is warranted here. Smith is wrong to assert that it is *Defendants'* burden to seek a stay of discovery before discovery has even begun. Doc. 80 at 9-10. Ultimately, because Smith cannot show exceptional circumstances and good cause to expedite discovery, his motion should be denied and this case should

---

[1] Though Rule 26(d)(2) contemplates the early delivery of requests for production of documents, even those discovery requests are not "considered to have been served" until the Rule 26(f) conference. Fed. R. Civ. P. 26(d)(2)(B).

proceed in the ordinary course, starting with the resolution of Defendants' pending dispositive motion.

## II. Smith Cannot Show Exceptional Circumstances or Good Cause for Expedited Discovery.

First, Smith ignores altogether this Court's Guidelines for Civil Discovery that limit expedited discovery to "exceptional circumstances." GUIDELINES TO CIVIL DISCOVERY PRACTICE IN THE MIDDLE DISTRICT OF ALABAMA, § I(F). It does not appear that the Court has explained the contours of the "exceptional circumstances" requirement, but it is apparently either a requirement additional to the "good cause" standard or a different, more rigorous standard altogether. In any event, Smith has failed to carry his burden of showing that exceptional circumstances exist here; he doesn't acknowledge the requirement at all. Because he fails to satisfy his burden, his motion should be denied.

Even if the "good cause" standard is the only standard applicable for expedited discovery, Smith's request should nevertheless be denied. His argument that there is "good cause" to engage in discovery is founded in his claim that expedited discovery is necessary because he "is under a death sentence" and "[t]ime is of the essence[.]" Doc. 80 at 6. But Smith has been under a death sentence for decades. And, unlike the litigants in the cases he cites, no execution date has been requested, much less set, for Smith.

Consequently, his reliance on *Miller v. Hamm*, No. 2:22-cv-506, 2022 WL 12029102 (M.D. Ala. Oct. 20, 2022) and *Reeves v. Dunn*, No. 2:20-cv-027-RAH, 2021 WL 8316642 (M.D. Ala. Nov. 24, 2021) is misplaced. With no pending execution date, Smith cannot show that "time is of the essence" based on a looming execution deadline because there is no such deadline at this time. Simply put, he does not explain how he would suffer any prejudice by this case proceeding on an ordinary schedule.[2]

    Smith offers no other reason to prematurely initiate discovery and he cites no evidence of a "risk of irreparable harm" to him. Doc. 80 at 6. Moreover, as Smith notes, the original Defendants are currently subject to this Court's preservation order. This does not help Smith's argument. Instead, it mitigates any potential concerns about the potential loss of evidence that might otherwise warrant expedited discovery. *Cf. Arista Recs. LLC v. Does 1-7*, No. 3:08CV18 CDL, 2008 WL 542709, at *1 (M.D. Ga. Feb. 25, 2008) (expedited discovery warranted because "ISPs typically do not retain user activity logs for extended periods"). For these reasons, Smith has failed to show that he faces any irreparable harm that could warrant

---

[2] Further, Defendants will not seek an execution date for Smith until after the United States Supreme Court resolves the pending petition for writ of certiorari.

expedited discovery or to otherwise show exceptional circumstances or good cause for avoiding an orderly discovery process governed by Rule 26.

## III. Grounds for Staying Discovery Exist.

Contrary to Smith's arguments, there are ample grounds for denying him discovery at this time. Defendants filed a motion to dismiss Smith's Second Amended Complaint, which is currently pending before this Court. The Eleventh Circuit has explained that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should … be resolved before discovery begins." *Chudasma v. Mazda Motor Corp.*, 123 F. 3d 1353, 1367 (11th Cir. 1997); *see also IHorsley v. Feldt*, 304 F.3d 1125, 1131 n.2 (11th Cir. 2002) (affirming a district court stay of discovery until ruling on motions for judgment on the pleadings because "there was no need for discovery before the district court ruled on those motions."); *Hall v. Thomas*, 753 F. Supp. 2d 1113, 1121 (N.D. Ala. 2010) (referring to a stay of discovery until ruling on a motion to dismiss as "the general rule in this Circuit."). Smith doesn't explain why the same result should not occur here.

Additionally, as set forth in Defendants' motion to dismiss (Doc. 78), Smith's claims based on past conduct are barred by sovereign immunity and qualified immunity. *See* Doc. 78 at 11-18. To the extent Plaintiff seeks

5

discovery on those claims that would not be relevant to his claim for prospective injunctive relief, Defendants are entitled to a stay of such discovery. "The defense of sovereign or qualified immunity protects government officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery." *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1252 (11th Cir. 2004). The Eleventh Circuit has further held that "immunity is a right not to be subjected to litigation beyond the point at which immunity is asserted," and that an official raising a claim of immunity is accordingly entitled to a stay of all discovery pending a ruling on the immunity defense. *Howe v. City of Enterprise*, 861 F.3d 1300, 1302 (11th Cir. 2017) (vacating district court's order requiring parties to develop their Rule 26(f) report before the court ruled on qualified immunity defense); *see also Cook v. Taylor*, NO. 2:18-CV-977-WKW, 2019 WL 1233853, at *2 (M.D. Ala. Mar. 15, 2019) ("[T]he [C]ourt may not … order Defendant to participate in discovery while its immunity defense remains pending.").

### IV. Habeas Actions are Governed by More Restrictive Requirements

Smith's fallback position is that he shouldn't have to comply with Rule 26 because his action seeks to prevent the State—through Defendant Hamm—from executing him. Thus, Smith rightly construes this action as—

at least in part—"a petition for habeas corpus or any other proceeding to challenge a criminal conviction or sentence." Doc. 80 at 10. While Smith is correct that a challenge to one's sentence falls under different rules than an ordinary §1983 action, that argument hurts rather than helps his case when it comes to the discovery he seeks. If this action challenges the validity of his criminal conviction or sentence, he doesn't bypass discovery requirements. Instead, he must overcome heightened discovery requirements relevant to habeas actions.

The first and most obvious problem is that because Smith has already litigated one habeas action, he cannot bring another as of right. While it "might be proper" to "recharacteriz[e] a complaint as an action for habeas corpus" in some circumstances, *Hill v. McDonough*, 547 U.S. 573, 582 (2006), "district court[s] lack[] jurisdiction to consider a second or successive habeas petition" without authorization from the Eleventh Circuit, *Osbourne v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1261, 1264 (11th Cir. 2020). Thus, as argued in Defendants' motion to dismiss, if Smith really is challenging his sentence, then AEDPA applies—together with its bars on unexhausted claims and successive petitions. Doc. 79 at 9-10; 28 U.S.C. § 2254(b)(1)(A). In addition to being successive, Smith's new Eighth

7

Amendment challenge to his sentence is also unexhausted because he has made no attempt to bring it in State court.

Further, even in ordinary habeas proceedings, a "habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Instead, he "may obtain leave of court to conduct discovery pursuant to 'Rules Governing Section 2254 Cases' upon showing 'good cause[.]'" *Arthur v. Allen*, 452 F.3d 1234, 1247 (11th Cir.), *opinion modified on reh'g*, 459 F.3d 1310 (11th Cir. 2006). Further, since Smith is challenging his death sentence, his claims are subject to AEDPA, which "erected additional barriers limiting a habeas petitioner's right to discovery or an evidentiary hearing." *Id*. at 1328–29. Among these barriers is the exhaustion requirement and the bar to discovery or an evidentiary hearing where a petitioner has failed to fully develop the facts in state court. *See Isaacs v. Head*, 300 F.3d 1232, 1249 (11th Cir. 2002) (Petitioner was "not entitled to discovery" on claims that he failed to develop "during the state court proceedings.")

At bottom, Smith's attempt to escape from the requirements of Rule 26 by making it crystal clear that he is in fact challenging his sentence has only taken him out of the frying pan and into the fire. Because Smith's

8

habeas claim must be dismissed, he cannot show the requisite good cause to obtain discovery about it.

## CONCLUSION

Smith's "motion to compel" is inappropriate because he has failed to show any effective discovery request that the Defendants have failed to respond to. Further, Smith is not entitled to expedited discovery because he has not shown, and cannot show, either that good cause exists or that "time is of the essence." Finally, Smith's attempt to avoid compliance with Rule 26 discovery procedures by asserting this his action should be construed as a habeas petition does not warrant discovery where he has also failed to show that he meets the requirements for obtaining discovery in a habeas proceeding.

>Respectfully submitted,
>
>Steve Marshall
> *Attorney General*
>
>**/s/ Richard D. Anderson**
>Richard D. Anderson  (ASB-2655-R52A)
>A. Reid Harris (ASB-1624-D29X)
>*Assistant Attorneys General*

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2023, I electronically filed the foregoing using the CM/ECF system which will send notification of such filing to the following: **Andrew B. Johnson, Angelique A. Ciliberti, Jeffrey H. Horowitz, David A. Kerschner and Robert M. Grass**.

s/Richard D. Anderson
Richard D. Anderson
*Counsel for Defendants*

OFFICE OF ATTORNEY GENERAL
501 Washington Avenue
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Richard.Anderson@AlabamaAG.gov