IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **KENNETH EUGENE SMITH,** | ) |
| *Plaintiff,* | ) Case No. 2:22-cv-00497 |
| v. | ) CAPITAL CASE |
| **JOHN Q. HAMM,** *et al.*, | ) |
| *Defendants.* | ) |

### REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

It appears that Plaintiff Kenneth Eugene Smith agrees that much of the Second Amended Complaint is due to be dismissed, including his request to enjoin his execution "by any method" as well as his request for retrospective declaratory relief. Doc. 82 at 4-5 & n.1. What remains are Smith's claims for monetary damages and his claim for prospective injunctive relief related to lethal injection. These claims too are due to be dismissed.

First, Smith's claims for monetary damages are barred by qualified immunity and Smith has not carried his burden of showing that qualified immunity does not apply. Second, Smith fails to state a claim under the Eighth Amendment under recent, binding precedent from the Eleventh Circuit. "Law of the case" does not apply here because an intervening, precedential decision clarifies that Smith cannot state a claim in these circumstances. And third, Smith's Equal Protection claim

1

should be dismissed because he cannot show that he is similarly situated to any individual who received differential treatment. The Second Amended Complaint should be dismissed in full.

**I.     Qualified Immunity Bars Smith's Claims For Monetary Damages.**

Smith does not dispute that Defendants were acting within the scope of their discretionary authority. He therefore bears the burden "to establish that qualified immunity is not appropriate." *Gaines v. Wardynski*, 871 F.3d 1203, 1208 (11th Cir. 2017). Specifically, he must show "(1) that the defendant[s] violated [his] constitutional rights, and (2) that, at the time of the violation, those rights were clearly established in light of the specific context of the case, not as a broad general proposition." *Id.* (citation omitted and alterations incorporated). Smith could only show a violation of a clearly established right by "pointing to (1) indistinguishable case law; (2) 'a broad statement of principle within the Constitution, statute, or case law'; or (3) 'conduct so egregious that a constitutional right was clearly violated.'" *Baxter v. Roberts*, 54 F.4th 1241, 1267 (11th Cir. 2022) (quoting *Lewis v. City of W. Palm Beach*, 561 F.3d 1288, 1291 (11th Cir. 2009)).

In his Response, it appears that Smith argues only under the second or third prong. Doc. 82 at 29 (citing *Hope v. Pelzer*, 536 U.S. 730, 739 (2002)). The Eleventh Circuit has explained that "it is very difficult to demonstrate" a violation of clearly established law in this way. *Corbitt v. Vickers*, 929 F.3d 1304, 1315 (11th Cir. 2019)

(no violation of clearly established law where officer accidently shot child while attempting to shoot family dog). An analysis under these prongs still "requires a clearly established right to be defined with specificity." *Id.* at 1316. It is a "longstanding principle that 'clearly established law' should not be defined at a 'high level of generality.'" *White v. Pauly*, 580 U.S. 73, 79 (2017) (citation omitted). Thus, general propositions—like "the general proposition that it is clearly established that the use of excessive force is unconstitutional"—cannot support a finding of a violation of clearly established law. *Corbitt*, 929 F.3d at 1315. An alleged violation of clearly established law "must be 'particularized' to the facts of the case." *White*, 580 U.S. at 79 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). "[I]f a plaintiff relies on a general rule, it must be obvious that the general rule applies to the specific situation in question." *Youmans v. Gagnon*, 626 F.3d 557, 563 (11th Cir. 2010).

Smith cites *Hope v. Pelzer*, 536 U.S. 730 (2002), and argues that the alleged constitutional violation was clearly established because "the Eighth Amendment right to be free from cruel and unusual punishments protects against 'the unnecessary and wanton infliction of pain'" and "the test for determining whether a punishment inflicted on a prison inmate satisfies that standard" is "whether the prison official(s) alleged to have inflicted the harm 'acted with deliberate indifference to the inmates' health and safety.'" Doc. 82 at 23 (citations omitted). But *Pelzer* applies to actions

that are "totally without penological justification," such as restraining an unresisting prisoner to a "hitching post" in the hot sun for long periods of time, which *also* display deliberate indifference to the inmate's health or safety. *Id.* (citations omitted). The SAC makes no claim that attempts to obtain intravenous access in preparation for an execution meet that requirement. To the contrary, Smith concedes that ADOC personnel were making their "best efforts," Doc. 71 ¶ 261, to carry out an execution that would advance the State's legitimate penological and societal interests. *See, e.g., Gregg v. Georgia*, 428 U.S. 153, 183 (1976). Smith shows nothing that would suggest that his claims meet the standard for "obvious" constitutional violations discussed in *Pelzer*.

Moreover, this argument also fails to define a clearly established right "with specificity," *Corbitt*, 929 at 1316, and it fails to show that it is "obvious that the general rule applies to the specific situation in question," *Youmans*, 626 F.3d at 563. Smith does not (and cannot) point to authority to show that, in the particularized context of *this* case, Defendants were on notice of a violation of Smith's clearly established constitutional rights. His claim is therefore barred by qualified immunity.

The only case Smith cites that is even arguably "'particularized' to the facts of the case," *White*, 580 U.S. at 79, is *State of Louisiana. ex rel. Francis v. Resweber*, 329 U.S. 459 (1947). As set out in Defendants' Motion to Dismiss, the Supreme Court *rejected* a constitutional challenge to an execution based on an earlier

"attempted" execution. *Id.* at 463-64; Doc. 78 at 16. Further, even looking back to the first execution "attempt," the Supreme Court held that there was no constitutional violation: "We find nothing in what took place here which amounts to cruel and unusual punishment in the constitutional sense." *Id.* at 463. The only binding authority that contains facts even arguably relevant to the facts of *this* case found that there was no constitutional violation. It cannot be said that it put Defendants on notice of an obvious constitutional violation by attempting to initiate intravenous access as part of a lethal injection procedure.

Smith must show that, as of November 17, 2022, it was a clearly established violation of the Constitution for Defendants to attempt to initiate intravenous access as part of a lethal injection protocol. Because he cannot do so, Defendants are entitled to qualified immunity.

**II.     Law of the Case Does Not Apply And Smith Fails to State A Claim Under Recent, Binding Authority.**

Smith fails to state a claim for an Eighth Amendment violation because, as the Eleventh Circuit recently clarified, a death row inmate does not "plausibly allege that a futile attempt to locate a vein would give rise to a constitutionally intolerable level of pain." *Nance v. Comm'r, Georgia Dep't of Corr.*, 59 F.4th 1149, 1157 (11th Cir. 2023). Smith argues that *Nance* does not control this case because (1) the Court is bound by an Eleventh Circuit panel's pre-*Nance* unpublished decision, and (2) the facts of this case are materially different from *Nance*. Both arguments fail.

### A. The "law of the case" doctrine does not apply because there has been an intervening change in controlling law.

First, the Court is not bound by the unpublished panel decision in this case from November 17, 2022. *See* Doc. 41; *Smith v. Comm'r, Alabama Dep't of Corr.*, No. 22-13781, 2022 WL 17069492 (11th Cir. Nov. 17, 2022). The "law of the case" doctrine does not apply where "an intervening change in the controlling law dictates a different result." *Piambino v. Bailey*, 757 F.2d 1112, 1120 (11th Cir. 1985). *Nance* is just that: a controlling, published decision issued by the Eleventh Circuit after the panel issued its unpublished decision in this case. Accordingly, the "law of the case" doctrine does not prevent this Court from adhering to the holding of *Nance*.

Smith argues that the *Nance* court lacked the authority to "overrule" the *Smith* panel because "the holding of a three-judge panel is the law of the circuit unless it is overruled … by the en banc Eleventh Circuit, or by the Supreme Court of the United States." Doc. 82 at 17 (citation omitted). Therefore, the argument goes, the *Smith* panel decision remains good law and binding on the parties (and presumably all courts within the Eleventh Circuit) because the *Nance* court failed to properly overrule it.

Smith misunderstands how precedent works in this circuit. "Unpublished opinions are not binding precedent." *United States v. Izurieta*, 710 F.3d 1176, 1179 (11th Cir. 2013); *Ray v. McCullough Payne & Haan, LLC*, 838 F.3d 1107, 1109 (11th Cir. 2016) ("In this Court, unpublished decisions ... are not precedential and

6

they bind no one."). The *Nance* court did not "purport to overrule" the *Smith* panel, Doc. 82 at 17, because it did not need to; that opinion was unpublished and non-binding. *Nance* therefore represents an intervening change in controlling law that binds the Court notwithstanding the *Smith* panel's pre-*Nance* holding.

### B. Smith's Eighth Amendment claim is due to be dismissed under *Nance*.

Second, the relevant holding of *Nance* requires dismissal of Smith's Eighth Amendment claim. As set out in Defendants' Motion to Dismiss, the *Nance* court held that allegations about the pain involved in a lethal injection—including "repeatedly pricking [the inmate] with a needle"—do not amount to an alleged constitutional violation. Doc. 78 at 23-24; *Nance*, 59 F.4th at 1157. A closer look at *Nance*—including the claim that survived dismissal—confirms that Smith's claim is due to be dismissed.

In *Nance*, the inmate argued that he could not be constitutionally executed by lethal injection for two distinct reasons: (1) he had severely compromised veins that could not support a lethal injection and attempts to find his veins would result in unconstitutional pain, and (2) his brain was less responsive to the drug used in the lethal injection procedure because of medication he took for back pain, gabapentin. *Id.* at 1152. The court straightforwardly held that the second claim—the "gabapentin claim"—stated "a plausible claim for relief" and therefore should not have been dismissed. *Id.* at 1156.

As to the first claim, there were two subparts: Nance argued both that he had "weak veins" that would make lethal injection constitutionally impermissible and that "the State's technicians would 'cause him excruciating pain by repeatedly attempting to insert needles into unidentifiable and/or inaccessible veins.'" *Id.* at 1156. As to the first subpart, the court agreed that "Nance plausibly alleged that the lethal drug could not be successfully administered through a standard intravenous catheter due to his weak veins." *Id.* This holding is not relevant to this case because Smith makes no similar allegation; he does not argue otherwise here. *See* Doc. 82 at 17-20.

As to the second subpart—Nance's argument that repeated attempts to access a vein could rise to an unconstitutional level of pain—the Eleventh Circuit rejected Nance's argument. *Nance*, 59 F.4th at 1157. Even though Nance "alleged that the State's technicians would 'cause [him] excruciating pain,'" the court held that such allegations failed to state a claim under the Eighth Amendment:

> [T]he district court correctly rejected Nance's argument that state technicians would subject him to an unconstitutional level of pain by repeatedly pricking him with a needle. Nance did not plausibly allege that a futile attempt to locate a vein would give rise to a constitutionally intolerable level of pain. After all, "the Eighth Amendment does not guarantee a prisoner a painless death," but rather it forbids the use of "long disused (unusual) forms of punishment that intensified the

8

sentence of death with a (cruel) superaddition of terror, pain, or disgrace."

*Id.* (quoting *Bucklew v. Precythe*, 139 S. Ct. 1112, 1124 (2019)). To reiterate, though "a futile attempt to locate a vein" may be painful, it does not "give rise to a constitutionally intolerable level of pain." *Nance*, 59 F.4th at 1157. Because that is the pain that Smith alleges here, he fails to state an Eighth Amendment claim and that claim is due to be dismissed.

Smith's attempts to distinguish *Nance* miss the mark. First, Smith's allegations about other Alabama executions (or "attempted" executions, Doc. 82 at 19) are not relevant to *Nance*'s holding at issue here: whether "a futile attempt to locate a vein would give rise to a constitutionally intolerable level of pain." *Nance*, 59 F.4th at 1157. Under *Nance*, it is the *type* of harm Smith alleges—not the alleged likelihood that it would occur in the future—that renders his claim deficient. Because the type of pain at issue (needle pricks while trying to initiate venous access) is simply not the type of cruel and unusual punishment forbidden by the Eighth Amendment, Smith fails to state a claim under the Eighth Amendment.

Smith's next argument is that *Nance* is not controlling because "there was no allegation in *Nance* that Georgia already had attempted, but failed, to execute *the plaintiff*, causing severe and continuing physical and psychological distress." Doc. 82 at 19. Therefore, Smith argues, the constitutional violation occurs in this case because "Defendants [are] subjecting [Mr. Smith] to the same traumatic and painful

9

experience *for a second time.*" *Id.* (citation omitted, first alteration added). But Smith does not explain how this affects the *Nance* court's holding about futile attempts to access a vein. Instead, this argument (related to allegations regarding ongoing psychological harm and the effect of twice undergoing execution procedures) is related to Smith's "withdrawn" claims in which he argued that the State cannot execute him under any circumstances. *See* Doc. 82 at 4-5. It has no bearing on whether a good faith attempt to access a vein constitutes cruel and unusual punishment.

Finally, Smith argues that *Nance* is inapplicable because he "alleges that ADOC's failed attempt to execute him 'caused him severe physical and psychological pain.'" Doc. 82 at 25. However, such allegations are relevant, if it all, to Smith's claim for money damages based on past conduct (which, as set forth above, is barred by sovereign immunity). That Smith allegedly suffered severe physical and psychological pain based on a past execution "attempt" is a distinct question from whether the pain attendant to a lethal injection rises to the level of cruel and unusual punishment. Because, under *Nance*, it does not, Smith fails to state a claim under the Eighth Amendment.

### III. Smith Fails To State A Claim Under The Equal Protection Clause.

Smith agrees that to state a claim under the Equal Protection Clause he must satisfy two requirements: (1) he is similarly situated to someone who received

differential treatment, and (2) the alleged differential treatment lacks any rational basis. Doc. 82 at 26-27; *Vill. of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000). Because he cannot satisfy either of these requirements, this claim is due to be dismissed.

As an initial matter, the Second Amended Complaint alleges only that Smith is similarly situated to *Doyle Lee Hamm*. Doc. 71 ¶¶ 267-270. In his Response, Smith makes certain arguments asserting that he is similarly situated to Alan Eugene Miller. Doc. 82 at 25-27. Because Smith does not allege in the Second Amended Complaint that he is similarly situated to Miller, Smith cannot state a claim based on Miller as a comparator unless he amends his complaint. *See Pears v. Franklin*, No. 2:21-CV-668-WKW, 2023 WL 131105, at *3 (M.D. Ala. Jan. 9, 2023) ("And a complaint 'may not be amended' through responsive briefing.").

In any event, Smith cannot satisfy either requirement. First, Smith cannot satisfy the similarly-situated requirement. To do so, a comparator "must be 'prima facie identical in all relevant respects.'" *Grider v. City of Auburn,* 618 F.3d 1240, 1264 (11th Cir. 2010) (quoting *Griffin Indus. v. Irvin,* 496 F.3d 1189, 1202 (11th Cir. 2007)). The Second Amended Complaint does not contain factual allegations that could establish that Smith and any comparator are "identical in all relevant respects." *Id.* Instead, according to the SAC, Hamm "was a cancer patient and had a prior history of intravenous drug use, which compromised the ability to access his

...

veins." Doc. 71 ¶ 248. Because there is no allegation that Smith has similarly compromised veins, he and Hamm are not similarly situated. Further, it is the *plaintiff's* burden to allege facts showing that he and a comparator are similarly situated *in all relevant respects*. Smith cites no allegations showing such similarity in his response. Accordingly, this count is due to be dismissed.

Smith's only response is that one difference between him and Hamm—the accessibility of their veins—is not "*relevant*." Doc. 82 at 27 (citation omitted). This assertion is unsupportable. It should be obvious that "ability to access his veins" is relevant to whether lethal injection will be administered via an individual's veins. And again, that dissimilarity between Hamm and Smith isn't Smith's only problem. He cannot point to any other factual allegations in the SAC that could establish that Smith is similarly situated to a comparator in *all* relevant respects. Because he cannot do so, he fails to state a claim.

For many of the same reasons that Smith is not similarly situated to a comparator, the State's alleged differential treatment has a rational basis. It is rational for the State to forgo administering lethal injection to an inmate with inaccessible veins while proceeding with the lethal injection of other inmates. "The State has a legitimate interest in ensuring that its executions occur in a thorough manner with maximum inmate safeguards," and the State's discretionary decisions

about how to administer the death penalty are rationally related to that interest. *DeYoung v. Owens*, 646 F.3d 1319 at 1327-28 (11th Cir. 2011).

Separately, Smith does not respond to Defendants' argument that there can be no class-of-one claim in these circumstances because the State necessarily exercises a high level of discretion in making individualized assessments related to its litigation positions and executions. *See* Doc. 78 at 20-21. "There are some forms of state action . . . which by their nature involve discretionary decisionmaking based on a vast array of subjective, individualized assessments." *Engquist v. Oregon Dep't of Agr.,* 553 U.S. 591, 603 (2008). There can be no violation of Equal Protection in such a context "because treating like individuals differently is an accepted consequence of the discretion granted" to the government actor in question. *Id.* "In such situations, allowing a challenge based on the arbitrary singling out of a particular person would undermine the very discretion that such state officials are entrusted to exercise." *Id.* Smith attempts to second-guess the State's positions as to himself and Doyle Lee Hamm, but that sort of discretionary decisionmaking is precisely what ADOC has been entrusted to do. The Equal Protection Clause is not a vehicle for Smith to upend that discretion.

Finally, Smith compares his Equal Protection claim to Miller's claim and asserts that his claim "is virtually identical to Mr. Miller's, and the Court should reach the same result here as it did in Mr. Miller's case." Doc. 82 at 33. Importantly,

13

however, as to Miller, "[t]he Defendants d[id] not argue that Doyle Hamm and Miller [were] not similarly situated, nor [did] they argue that there [was] a rational basis for their differential treatment." *Miller v. Hamm*, No. 2:22-CV-506-RAH, 2022 WL 16720193, at *11 (M.D. Ala. Nov. 4, 2022). In this case, Defendants squarely argue that Smith cannot satisfy these requirements. Because he cannot do so, this claim is due to be dismissed for failure to state a claim.

                                              Respectfully submitted,

                                              Steve Marshall
                                               *Attorney General*

                                            /s/ A. Reid Harris

                                            Richard D. Anderson (ASB-2655-R52A)
                                            A. Reid Harris (ASB-1624-D29X)
                                            *Assistant Attorneys General*

                                            OFFICE OF THE ATTORNEY GENERAL
                                            501 Washington Avenue
                                            Montgomery, Alabama 36130-0152
                                            Telephone: 334.35.8674
                                            Facsimile: 334.353.8400
                                            Reid.Harris@AlabamaAG.gov

                                            **Counsel for Defendants**

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

s/ A. Reid Harris
***Counsel for Defendants***
