**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| KENNETH EUGENE SMITH, | ) | |
| | ) | Case No. 2:22-cv-00497 |
| Plaintiff, | ) | |
| | ) | CAPITAL CASE |
| v. | ) | |
| | ) | |
| JOHN Q. HAMM, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF KENNETH EUGENE SMITH'S REPLY IN FURTHER SUPPORT OF HIS
MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS UNDER
FEDERAL RULE OF CIVIL PROCEDURE 37(a)**

Defendants do not dispute that this case has been pending for more than six months with no discovery even though discovery requests were served on them three months ago. Defendants nevertheless contend that "this case should proceed in the ordinary course." Defendants' Response to Motion to Compel ("Resp.") (Doc. 83) at 2–3. That would be a fine plan if Defendants were committed to letting the case proceed in the ordinary course. But they are not.

Two days after Mr. Smith filed his motion to compel, Commissioner Hamm announced that ADOC's "review" of its lethal injection procedures has concluded, and Attorney General Marshall announced that his office has resumed seeking execution dates. *See* Franklin, *Alabama to resume executions following procedure review*, News 3 (Feb. 25, 2023), https://www.wrbl.com/news/alabama-to-resume-executions-following-procedure-review/. Defendants state that they "will not seek an execution date for Smith until after the United States Supreme Court resolves the pending petition for writ of certiorari." Resp. at 4 n.2. But they have not committed beyond that, and the Supreme Court may resolve that petition this month.[1] The

---

[1] The Supreme Court currently is scheduled to consider the petition at its March 17 conference.

1

Court should reject Defendants' efforts to avoid their discovery obligations until they inevitably create a litigation crisis that will disrupt the "ordinary course" of this case.  Nothing in Defendants' Response justifies a different result.

**I.      This case falls within an exception to the requirement that discovery generally must await a Rule 26(f) conference.**

Defendants contend that Mr. "Smith's motion is facially improper because discovery has not begun" and must await a Rule 26(f) conference.  Resp. at 1.  But Defendants do not even acknowledge, much less refute, Mr. Smith's contention that this case comes within the exception to that requirement found in Rule 26(a)(1)(B)(iii) for a "proceeding to challenge a criminal . . . sentence" because his claims challenge the method by which Defendants seek to carry out his sentence.  Plaintiff Kenneth Eugene Smith's Motion to Compel Discovery Requests Under Federal Rule of Civil Procedure 37(a) ("Mot.") (Doc. 80) at 10–12.  Defendants have not offered any contrary construction of Rule 26(a)(1)(B)(iii) that gives meaning to all the language in that provision.

Defendants' extended discussion of the "more restrictive requirements" that govern habeas actions is irrelevant to the issues raised by this motion.  *See* Resp. at 6–10.  Contrary to Defendants' contention, this is not a habeas action that "challenges the *validity* of [Mr. Smith's] criminal conviction or sentence."  Resp. at 7 (emphasis added).  Rather, this action challenges *the method* by which Defendants can implement Mr. Smith's sentence, which the Supreme Court has held repeatedly is properly asserted as a claim for violation of Mr. Smith's constitutional rights under 42 U.S.C. § 1983.  *See Nance v. Ward*, 142 S. Ct. 2214, 2219 (2022); *Hill v. McDonough*, 547

U.S. 573, 580–83 (2006); *Nelson v. Campbell*, 541 U.S. 637, 644–47 (2004).[2]  Section 1983 actions are not subject to the more restrictive requirements governing habeas actions.

II.    **There is good cause for the Court to compel responses to Mr. Smith's discovery requests before a Rule 26(f) conference (even if one were required before discovery can begin).**

As noted previously, ADOC has completed its "review" of its lethal injection procedure, and the Attorney General has resumed seeking dates to execute condemned people like Mr. Smith. Mr. Smith has an urgent need to begin discovery before Defendants prejudice his ability to obtain information relevant to his claims by seeking another date to execute him.  Defendants do not contest that the discovery Mr. Smith seeks is within their control, reasonably focused, and reasonable in number. Mot. at 7.  As such, the circumstances in this case are materially equivalent to the circumstances in *Miller v. Hamm* where this Court found "good cause for some expedited discovery."  No. 2:22-cv-506, 2022 WL 12029102, at *2 (M.D. Ala. Oct. 20, 2022).

Defendants contend that the preservation order in this case "mitigates any potential concerns about the potential loss of evidence."  Resp. at 4.  But it does not mitigate concerns about Mr. Smith's timely access to evidence given Defendants' exclusive ability to impose time constraints on the parties, this Court, and any reviewing court, if applicable, by seeking a new execution date for Mr. Smith.  And Defendants do not and cannot dispute that, assuming their compliance with the preservation order, they "will not (or at least should not) be starting from square one in gathering the information needed to respond to [Mr. Smith's] requests."  *Miller*, 2022 WL 12029102, at *3.

---

[2] For avoidance of doubt, Mr. Smith has withdrawn "his request for declaratory and injunctive relief only to the extent it seeks to prohibit Defendants from making a second attempt to execute him by any method without prejudice to his right to seek that relief in another forum."  *See* Plaintiff Kenneth Eugene Smith's Opposition to Defendants' Motion to Dismiss (Doc. 82) at 4.

Defendants also contend that Mr. Smith does not "acknowledge the requirement" in this Court's Guidelines for Civil Discovery that limit expedited discovery to 'exceptional circumstances.'" Resp. at 3 (citing Guidelines to Civil Discovery Practice in the Middle District of Alabama, § I(F)). It is difficult to imagine more "exceptional circumstances" than exist here where there has been no discovery more than six months after Mr. Smith filed his complaint and Defendants seek to execute Mr. Smith by lethal injection, having failed once already to execute him by that method. In any event, Defendants admit that "[i]t does not appear that the Court has explained the contours of the 'exceptional circumstances' requirement." *Id.* And whether the reference to "exceptional circumstances" in the Guidelines is intended to impose any different obligation than the "good cause" standard established in governing case law is beside the point. This Court laid out the governing standard under comparable circumstances in *Miller*, and Mr. Smith has shown that he satisfies it.

## III.   Defendants' *second* motion to dismiss does not warrant a delay in discovery.

Defendants contend that the Court should stay discovery pending resolution of their second motion to dismiss. Resp. at 5. Defendants should not be permitted to avoid discovery through serial motion practice. This Court's order on Defendants' first motion to dismiss has traveled to the Court of Appeals and back again after the Eleventh Circuit held that Mr. Smith "pleaded sufficient facts to plausibly support an Eighth Amendment method-of-execution claim that is not barred by the applicable statute of limitations." Doc. 41 at 10. Especially under those circumstances, there is no reason to deny Mr. Smith discovery pending resolution of Defendants' second motion to dismiss, which treads some of the same ground previously addressed and decided adversely to Defendants by the Eleventh Circuit. *See*, *e.g.*, *Zelaya v. United States*, No. 11-62644-

CIV, 2013 WL 12328290, at *1 (S.D. Fla. Feb. 15, 2013) (denying motion to stay discovery pending the defendant's second motion to dismiss).

Defendants' reliance on *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997) is misplaced. *See* Resp. at 5. "District courts throughout the Eleventh Circuit have recognized that *Chudasama* did not establish a *per se* rule mandating a stay once a party files a motion to dismiss." *Forsyth v. Univ. of Ala. Bd. of Trustees*, No. 7:17-cv-854, 2017 WL 11442143, at *1 (N.D. Ala. Aug. 21, 2017). Instead, it "'stands for the narrower proposition that courts should not delay ruling on a *likely meritorious* motion to dismiss while undue discovery costs mount.'" *Id.* (citation omitted, emphasis in original). In any event, neither *Chudasama* nor *Horsley v. Feldt*, 304 F.3d 1125 (11th Cir. 2002), Resp. at 5, involved the circumstances here where Defendants can disrupt the ordinary course of proceedings by seeking to set a date for Mr. Smith's execution and the Eleventh Circuit already has addressed Defendants' first motion to dismiss.

Equally unavailing is Defendants' reliance on their contention in their motion to dismiss that Mr. "Smith's claims [for damages against Defendants in their individual capacities] are barred by sovereign immunity and qualified immunity." Resp. at 5. Mr. Smith has explained in his opposition to the motion to dismiss why the Court should reject that contention. But the scope of discovery in this case would not change even if Mr. Smith's claim for monetary damages against the individual Defendants were dismissed. Contrary to Defendants' contention, *id.* at 6, Defendants' failed attempt to execute Mr. Smith by lethal injection in November plainly is relevant to Mr. Smith's claim for prospective declaratory and injunctive relief based on the risk posed by Defendants' plan to try to execute him a second time by the very same method. *See Miller*, 2022 WL16720193, at *13 ("At this stage, it is plausible to infer that a second attempt to execute Miller

by lethal injection will likely expose him, for a second time, to the same extreme pain and suffering over the same period, if not longer, that he says he experienced during the first attempt.").

Finally, Defendants' position that discovery must await a Rule 26(f) conference and resolution of their second motion to dismiss is particularly ironic given their argument about "this last-minute posture where there was no factual development that the Eleventh Circuit could act on" in opposition to Mr. Smith's motion for a stay of execution in November.  Doc. 69 at 7:8–10. Contrary to Defendants' public representations, that situation was no fault of Mr. Smith's.  On October 11, shortly after the Alabama Supreme Court set his execution date, Mr. Smith sought expedited discovery and "a schedule for briefing, discovery, and a hearing so that [his anticipated preliminary injunction] motion can be resolved sufficiently in advance of the Execution Date to permit appellate review, if necessary."  Doc. 17 at 1; *see also* Docs. 17-1, 17-2, 17-3.  Defendants did not respond to that discovery because this Court granted their first motion to dismiss.  On December 2, shortly after the Eleventh Circuit reversed this Court's dismissal of his complaint and three months ago, Mr. Smith served discovery on Defendants.  Docs. 80-1, 80-2.  By refusing to respond to those requests and insisting that any response must await a Rule 26(f) conference and resolution of their second motion to dismiss, Defendants are inviting the very "last-minute posture where there [will be] no factual development that the Eleventh Circuit [can] act on" that they decried in November.  The Court should not permit Defendants to recreate that situation.

## **CONCLUSION**

For the foregoing reasons and those in Mr. Smith's moving papers, the Court should grant Mr. Smith's motion to compel responses to his discovery requests under Federal Rule of Civil Procedure 37(a).

> */s/ Andrew B. Johnson*
> Andrew B. Johnson (ASB: 8504:r76j)
> BRADLEY ARANT BOULT CUMMINGS LLP
> 1819 Fifth Avenue North
> Birmingham, Alabama 35203
> (205) 521-8000
> ajohnson@bradley.com
>
> Jeffrey H. Horowitz (NY Bar No. 3949070)
> David A. Kerschner (NY Bar No. 5126420)
> Robert M. Grass (NY Bar No. 2501278)
> ARNOLD & PORTER KAYE SCHOLER LLP
> 250 West 55th Street
> New York, New York 10019-8710
> (212) 836-8000
> jeffrey.horowitz@arnoldporter.com
> david.kerschner@arnoldporter.com
> robert.grass@arnoldporter.com
>
> Angelique Ciliberti (ASB: 1504-T44C)
> ARNOLD & PORTER KAYE SCHOLER LLP
> 601 Massachusetts Ave., N.W.
> Washington, DC 20001-3743
> (202) 942-5000
> angelique.ciliberti@arnoldporter.com
>
> *Attorneys for Plaintiff Kenneth Eugene Smith*

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2023, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification to the following:

Richard D. Anderson
A. Reid Harris
Assistant Attorney General
Office of the Attorney General
Capital Litigation Division
501 Washington Avenue
Montgomery, AL 36130
Richard.Anderson@AlabamaAG.gov
Reid.Harris@AlabamaAG.gov

*Attorneys for Defendants*

_____/s/ Andrew B. Johnson_____
Of Counsel

8